```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X    08-cv-04564 DLC
BUILDING TRADES EMPLOYERS
ASSOCIATION on behalf of THE NEW
YORK PLAN FOR THE SETTLEMENT
OF JURISDICTIONAL DISPUTES

                          Plaintiff,
       v.

JOHN E. MARCHELL, in his official
Capacity as President of LOCAL 3,
INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS and
LOCAL UNION 3, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS,

                          Defendant.
------------------------------------------------------------X
```

## MEMORANDUM IN OPPOSITION

### Statement

The Plaintiff asks this Court to order the Defendant union, pursuant to a Decision by The New York Plan for the Settlement of Jurisdictional Disputes ("New York Plan"), to order its members employed by Unitech Elevator to cease performing elevator work at the Lefrak City job in Rego Park, Queens, NY. Local 1, International Union Of Elevator Constructors ("Local 1"), the proposed intervenor, has no CBA with Unitech Elevator, which is performing the elevator work pursuant to an award by Lefrak City.

### ARGUMENT

A. This Court May Not Simultaneously Take Jurisdiction Under Section 301, LMRA
   And The FAA:

The Second Circuit has held that "in cases brought under Section 301 of the Labor Management Relations Act of 1947 ("Taft-Hartley Act"), 29 U.S.C 185, the FAA

{Federal Arbitration Act} does not apply." <u>Coca-Cola Bottling Company v. Soft Drink and Brewery Workers</u>, 2d Cir. 2001, 242 F.3d 52; U.S. App. LEXIS 3370;

B. The Order Sought Might Well Be Ineffective:

The Order which this Court is asked to issue might well be ineffective if issued. Rather than abandon their lifetime jobs and become unemployed, Unitech's employees would have a legal right to limit their membership obligations to Local 3 to paying agency fees in lieu of union dues – and nothing more. <u>NLRB v. General Motors Corp.</u>, 373 U.S. 734, 742 (1963); <u>Communication Workers v. Beck</u>, -U.S -, 128 LRRM 2729, 2732 (1988). Local 3 would then be unable to comply with this Court's Order.

C. Section 301 Does Not Confer Jurisdiction Upon This Court:

LMRA Section 301(a) covers "Suits for violation of contracts between an employer and a labor organization representing employees…". Plaintiff Building Trades Employers Association ("BTEA") does not have a CBA with Local 3. The Elevator Industries Association, which negotiates Local 3's CBA with elevator contractors, is not a member of BTEA. The New York Plan is not a CBA; it does not mention wages, hours or conditions of employment.

D. This Court Should Defer To The NLRB:

The LMRA was enacted to resolve all jurisdictional disputes when any group of employees threatens to picket or strike and an unfair labor practice charge is filed with the NLRB. Such charge has now been filed with the NLRB. A copy is appended, marked Exhibit A. The Second Circuit has stayed an action to enforce a work jurisdiction arbitration award pending the NLRB's decision of that issue. <u>Masters, Mates & Pilots v. Trinidad Corporation</u>, 2d Cir. 1986, 803 F.2d 69. Unitech has asked the NLRB to seek temporary injunctive relief. If, perhaps within a week, the NLRB has "reasonable cause to believe that such {unfair labor practice} charge is true"., it should petition this Court "for appropriate injunctive relief pending the final adjudication of the Board", and this Court "shall have jurisdiction to grant such injunctive relief or temporary restraining order as it deems just and proper". (LMRA, Section 10 (l))

2

E. Local 3's Elevator Division Is Not A Member Of BCTC:

The Plaintiff alleges that Local 3 is a member of the Building Construction Trades Council ("BCTC") and therefore is bound by the decision of the New York Plan. The Elevator Division of Local 3 is not a member of BCTC, inasmuch as its work is not construction industry work. Its CBA with the Elevator Industries Association does not contain language conferring jurisdiction upon the New York Plan to settle its jurisdictional disputes. See ADDENDUM A to the New York Plan, which is appended as Exhibit A to the Complaint. Local 3 attended the New York Plan hearing solely in order to state that the New York Plan lacks jurisdiction of this matter.

F. Unitech Elevator Has A Right To Compel Local 3 Members To Perform The Disputed Work:

The CBA between Local 3 and Elevator Industries Association in Article XVII- Management's Right to Manage empowers Unitech

> to direct the Employees covered by this Agreement to perform all work involving the maintenance, repair and modernization of elevators and escalators, and also the installation of elevators and escalators (with the exception of a completely new elevator or escalator installation using new equipment or used equipment not part of the existing installation) in existing or modified elevator shafts or escalator well ways.

Based upon this clause, Unitech, which has not been made a party to this action, has a right effectively to demand that its employees perform the elevator work at Lefrak City, and to discharge employees for insubordination if they refuse.

G. This Court Should Deny The Application Of Local 1 to Intervene:

Local 1 has not alleged that its own CBAs contain the ADDENDUM A which confers jurisdiction upon the New York Plan. Furthermore, Lefrak City did not award the work to a contractor whose employees belong to Local 1, and this Court may not direct Lefrak City, a nonparty, to cancel its contract with Unitech, and may not direct Unitech to make a CBA with Local 1.

Furthermore, even if Local 3 could effectively order its members to quit working for Unitech and if Local 3 were to issue such order, no benefit to Local 1 could be

3

anticipated, inasmuch as Unitech could advertise for elevator mechanics in local newspapers or could import them from New Jersey.

## CONCLUSIION

This Court should deny the application of Local 1 to intervene and either should dismiss this action with prejudice or in the alternative should dismiss with leave to refile in the unlikely event that the NLRB will not exercise its jurisdiction.

Respectfully submitted,

Norman Rothfeld (NR 0639)
276 Fifth Avenue, Suite 806
New York, NY 10001
Ph: (212) 686-0070
Attorney for Defendant, Local 3,
International Brotherhood of
Electrical Workers, AFL-CIO

Dated: May 27, 2008

TO: Gregory R. Begg
PECKAR & ABRAMSON, P.C.
41 Madison Avenue, 20th Floor
New York, NY 10010
Ph: (212) 382-0909

Richard A. Markowitz
MARKOWITZ AND RICHMAN
121 South Broad Street, Suite 1100
Philadelphia, PA 19107
Ph: (215) 875-3111

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X    08-cv-04564 DLC
BUILDING TRADES EMPLOYERS
ASSOCIATION on behalf of THE NEW
YORK PLAN FOR THE SETTLEMENT
OF JURISDICTIONAL DISPUTES

                           Plaintiff,

    v.

JOHN E. MARCHELL, in his official
Capacity as President of LOCAL 3,
INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS and
LOCAL UNION 3, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS,

                          Defendants.
------------------------------------------------------------X

### DECLARATION OF NORMAN ROTHFELD

       I was admitted to practice before this Court in 1953. I affirm based upon my own knowledge that all of the factual statements contained in my within Memorandum in Opposition are true.

Dated: May 27, 2008
       New York, NY

                                            Norman Rothfeld (NR 0639)

FORM NLRB-508
(8-07)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATIONS OR ITS AGENTS**

FORM EXEMPT UNDER 44 U.S.C 3512

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|---|---|
| | / / |

**DEFENDANT'S EXHIBIT A**
Bumberg No. 5114

INSTRUCTIONS: File an original together with four copies and a copy for each additional charged party named in Item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

a. Name

Local Union No. 3 International Brotherhood of Electrical Workers, AFL-CIO

b. Union Representative to contact

Christopher Erikson

c. Telephone No.
( ) - (718) 591-4000
Fax No.
( ) - (718) 380-8998

d. Address (Street, city, state, and ZIP code)
158-11 Harry Van Arsdale, Jr. Avenue, Flushing, New York 11365

e. The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) (list subsections) (4)(D) ___ ___ ___ ___ ___ ___ of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Since on or about March 1, 2008, Local Union No. 3 ("Local 3"), through its officers, representatives and agents have violated Section 8(b)(4)(D) of the National Labor Relations Act by, inter alia, threatening to strike, picket, engage in work stoppages and other unspecified prohibited acts with an object of forcing or requiring Unitec Elevator Company ("Unitec") to assign work to members of Local 3 and/or certain Unitec employees rather than assigning such work to members of Local 1 International Union of Elevator Constructors of New York and New Jersey (AFL-CIO).

NLRB - REGION 29 RECEIVED
2008 MAY 27 P 12:41
BROOKLYN, NY

3. Name of Employer
Unitec Elevator Company

4. Telephone No.
( ) - (718) 489-2900
Fax No.
( ) - (718) 489-0890

5. Location of plant involved (street, city, state and ZIP code)
LeFrak City, Rego Park, Queens, NY

6. Employer representative to contact
Dino Carbone

7. Type of establishment (factory, mine, wholesaler, etc.)
Apartment Complex

8. Identify principal product or service
Elevators

9. Number of workers employed
Approximately 100

10. Full name of party filing charge
Elevator Industries Association, Inc., on behalf of its members, including Unitec Elevator Company

11. Address of party filing charge (street, city, state and ZIP code)
19 Shagbark Road, Norwalk, CT 06854

12. Telephone No.
( ) - (203) 247-1734
Fax No.
( ) - (203) 831-8236

### 13. DECLARATION

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By _____ PRES/DES - EIA
(signature of representative or person making charge)

Robert Martin
(Print/type name and title or office, if any)

19 Shagbark Road, Norwalk, CT 06854
Address

(Fax)( ) - (203) 831-8236
( ) - (203) 247-1734    5/27/08
(Telephone No.)    (date)

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

FORM NLRB-508
(9-07)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATIONS OR ITS AGENTS**

FORM EXEMPT UNDER 44 U.S.C 3512

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| | / / |

INSTRUCTIONS: File an original together with four copies and a copy for each additional charged party named in Item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

a. Name

Local One International Union of Elevator Constructors of NY and NJ (AFL-CIO)

b. Union Representative to contact

Leonard Legotte

c. Telephone No.
( ) - (718) 767-7004
Fax No.
( ) - (718) 767-6730

d. Address (Street, city, state, and ZIP code)

47-24 27th Street, Long Island City, New York 11101

e. The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) (list subsections) (4)(D) ___ ___ ___ ___ ___ ___ ___ of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Since on or about March 1, 2008, Local One International Union of Elevator Constructors of New York and New Jersey (AFL-CIO) ("Local 1") has through their officers, representatives and agents threatened, coerced and restrained Unitec Elevator Company by, inter alia, making unspecified threats of proscribed acts with the object of forcing or requiring Unitec to assign certain elevator work at LeFrak City to its members rather than assign such work to members of Local 3 IBEW or Unitec employees.

*[Stamp: 2008 MAY 27 P 12: BROOKLYN, NY — NLRB - REGION 29 RECEIVED]*

3. Name of Employer

Unitec Elevator Company

4. Telephone No.
( ) - (718) 489-2900
Fax No.
( ) - (718) 489-0890

5. Location of plant involved (street, city, state and ZIP code)

LeFrak City, Rego Park, Queens, NY

6. Employer representative to contact

Dino Carbone

7. Type of establishment (factory, mine, wholesaler, etc.)

Apartment Complex

8. Identify principal product or service

Elevators

9. Number of workers employed

Approximately 100

10. Full name of party filing charge

Elevator Industries Association, Inc., on behalf of its members, including Unitec Elevator Company

11. Address of party filing charge (street, city, state and ZIP code.)

19 Shagbark Road, Norwalk, CT 06854

12. Telephone No.
( ) - (203) 247-1734
Fax No.
( ) - (203) 831-8236

### 13. DECLARATION

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By _[signature]_ PRESIDENT - EIA
(Signature of representative or person making charge)

Robert Martin
(Print/type name and title or office, if any)

Address 19 Shagbark Road, Norwalk, CT 06854

(Fax) ( ) - (203) 831-8236
( ) - (203) 247-1734
(Telephone No.)

5/27/08
(date)

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.