UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUILDING TRADES EMPLOYERS' ASSOCIATION on behalf of THE NEW YORK PLAN FOR THE SETTLEMENT OF JURISDICTIONAL DISPUTES,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN E. MARCHELL, in his official capacity as President of LOCAL UNION 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS and LOCAL UNION 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 08-CIV-4564 (DLC) |

### RESPONSE OF LOCAL 1, INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS, TO DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION RE MOTION TO INTERVENE AS PLAINTIFF AND TO DISMISS THE COMPLAINT

Defendants have filed a Memorandum of Law concluding that this Court should deny the application of Local 1 to intervene and should either dismiss this action with prejudice or with leave to refile. In this Memorandum, the proposed Intervenor, Local 1, will set forth the reasons why Defendants' conclusions are not supported by applicable law.

Defendants argue that Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. §185 ("LMRA"), does not confer jurisdiction upon this Court because the New York Plan, pursuant to which the arbitration award underlying this matter was issued, is not a collective bargaining agreement. The language of Section 301 on its face plainly refutes this argument. Section 185(a) states that "[s]uits for violation of contracts between an employer and a labor organization… may be brought in any district court of the United States…."

The contract underlying this action is an agreement between an employer, the Plaintiff Building Trades Employers' Association ("BTEA"), and a labor organization, the Building & Construction Trades Council of Greater New York ("BCTC"), known as the New York Plan, which provides for the resolution of trade jurisdictional disputes between competing BCTC local unions. Both Local 1 and Local 3 are parties to the New York Plan by virtue of their membership in the BCTC.

The New York Plan states in Article II, Section 1, that all of its decisions shall apply to all unions affiliated with the Trades Council. (Exhibit A to Complaint, p. 3). Defendants argue that its elevator division is not a member of BCTC, allegedly because its work is not construction industry work. Elevator construction work is plainly construction work within the purview of the New York Plan. Local 3 as an entity is a member of the BCTC and when Local 3 performs construction work, including elevator construction, it is subject to the New York Plan.

Defendants state that Local 3 attended the Plan hearing "solely in order to state that the New York Plan lacks jurisdiction of this matter." (Defendants' Memorandum, p. 3). The Decision of the New York Panel, which is Exhibit B to the Complaint, appears to demonstrate that Local 3 not only attended the hearing but participated in the hearing and presented arguments on the merits. The Decision states, on page 4, that Local 3 tendered two exhibits and other evidence which appear to have pertained to the merits. The Decision states that a number of precedents were considered, among which were nine prior disputes between Local 1 and Local 3. There is no question that when Local 3 performs elevator work, it is bound by the decisions of the New York Plan as a member of the BCTC.

The Defendants further argue that this Court should defer to the National Labor Relations Board ("NLRB"). The Defendants cite the case of Masters, Mates & Pilots v. Trinidad Corporation, 803 F.2d 69 (2d Cir. 1986). In that case, the court held that it would defer to the NLRB pending resolution of an unfair labor practice complaint ("ULP"). In that case the Court of Appeals refused to enforce an arbitration award because the employer's compliance with the award may have been, in and of itself, in violation of the National Labor Relations Act.

Defendants have attached two exhibits to their memorandum. These are unfair labor practice charges filed by an employer association, Elevator Industries Association, against Local 3 and Local 1. Both of these charges merely allege that the party against which the charge is brought has threatened to strike for a proscribed object. The charges

do not involve any issue as to whether the NLRB could find that enforcement of the arbitration award of the New York Plan constitutes a violation of the National Labor Relations Act.

On this point, Local 1 cites the decision of the Supreme Court of the United States in <u>Litton Financial Printing Division v. National Labor Relations Board</u>, 501 U.S. 190, 111 S. Ct. 2215, 115 L.Ed.2d 177 (1991). In this case the NLRB sought enforcement of an order against an employer requiring arbitration of a dispute which had occurred after the expiration of a collective bargaining agreement. The Supreme Court held that the layoff dispute at issue did not arise under the collective bargaining agreement. The Court emphasized that "[a]rbitrators and courts are still the principal sources of contract interpretation" (p. 202). The Court stated that "[w]e would risk the development of conflicting principles were we to defer to the Board in its interpretation of the contract, as distinct from its devising a remedy for the unfair labor practice that follows from a breach of contract" (p. 203). Likewise, in the instant case, any action the NLRB might take with respect to the charges attached to the Defendants' Memorandum would not involve the interpretation or application of the arbitration award of the New York Panel that is binding on both Local 1 and Local 3.

See also <u>Carey v. Westinghouse Electric Corp.</u>, 375 U.S. 261, 84 S. Ct. 401, 11 L.Ed2d 320 (1964), where the Supreme Court granted a petition by a union to compel arbitration of a jurisdictional dispute. The Second Circuit Court of Appeals had denied

the petition on the grounds that the matter was within the exclusive jurisdiction of the Board, since it involved a definition of bargaining units.

The Court stated:

> However the dispute be considered - - whether one involving work assignment or one concerning representation - - we see no barrier to use of the arbitration procedure. If it is a work assignment dispute, arbitration conveniently fills a gap and avoids the necessity of a strike to bring the matter to the Board. If it is a representation matter, resort to arbitration may have a pervasive, curative effect.... (p. 272).

**CONCLUSION**

For all of the above reasons, Local 1 continues to submit that it is entitled to intervene and that the preliminary injunction requested should be granted against Defendants.

Respectfully submitted,

MARKOWITZ & RICHMAN

_____
RICHARD H. MARKOWITZ, ESQUIRE
(RHM-5158)
1100 North American Building
121 South Broad Street
Philadelphia, PA 19107
(215) 875-3111
(215) 790-0668 (Fax)
Attorney for Local 1, International
Union of Elevator Constructors

Dated: May 30, 2008

5

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 30, 2008, the foregoing document was filed with the Clerk of the Court via electronic filing and served upon the following parties and participants:

Gregory R. Begg, Esquire    (via ECF)
Peckar and Abramson
70 Grand Avenue
River Edge, NJ 07661
Attorney for Plaintiff

Norman Rothfeld, Esquire    (via ECF)
276 5th Avenue
New York, NY 10001
Attorney for Defendant

Date: May 30, 2008

*/s/ Richard H. Markowitz*
RICHARD H. MARKOWITZ (RHM5158)
MARKOWITZ AND RICHMAN
121 South Broad Street, Suite 1100
Philadelphia, PA 19107
Ph: (215) 875-3111
Fax: (215) 790-0668
kbrookes@markowitzandrichman.com

Attorney for the Application for Intervention, Local 1, International Union of Elevator Constructors