

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

70 Grand Avenue
River Edge, NJ 07661
tel. 201.343.3434
fax 201.343.6306

New York
San Francisco
Los Angeles
Orange County
Miami
Fort Lauderdale
Orlando
Washington, D.C.
Chicago
London

www.pecklaw.com

Gregory R. Begg
*Partner*

Email Address: *gbegg@pecklaw.com*

VIA FEDERAL EXPRESS

June 2, 2008

Hon. Denise L. Cote, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY  10007

**RE:**   **Building Trades Employers' Association on behalf of The New York Plan for the Settlement of Jurisdictional Disputes vs. John E. Marchell, in his official capacity as President of Local Union 3, International Brotherhood of Electrical Workers and Local Union 3, International Brotherhood of Electrical Workers**
**Docket No.: 08-CV-4564**
**Our File No. 1784/187020**

Dear Hon. Judge Cote:

This shall serve as a reply to the Memorandum of Local 3 in opposition to the New York Plan's Order to Show Cause.

The New York Plan constitutes a contract between an employer and a labor organization for the purpose of LMRA Section 301 jurisdiction. Tapers v. Bovis Lend Lease Interiors, Inc., 2005 Westlaw 2205836 (EDNY 2005).  Thus, this court has jurisdiction pursuant to Section 301.  It is well settled that Section 301 jurisdiction includes jurisdiction to compel arbitration or to confirm arbitration awards issued pursuant to Section 301 agreements.

In an 8(b)(4)(d) case, the Board does not issue an Order directing any particular assignment of work. Rather, the Board Order addresses whether or not a union or unions engaged in coercive conduct in furtherance of a dispute and if so, orders that union to cease and desist from such conduct. NLRB v. Plasterers' Local Union No 79,



a member of the
ICLA International Construction Law Alliance

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

Hon. Denise L. Cote
Page 2
June 2, 2008

404 US 116 (1971). To the extent that it may make a "determination," pursuant to Board established standards, which competing trade has a valid claim to the disputed work, neither the employer nor the employees to whom the Board assigns the work in proceedings to hear and determine jurisdictional disputes out of which related unfair labor practice charge has arisen are bound to observe the jurisdictional determination. Thus the Plan award in this case is neither contrary to nor repugnant to any Board order that may issue in the referenced unfair labor practice cases.

For these reasons Local 3's opposition lacks any merit in law.

Respectful submitted,

GREGORY E. BEGG

GRB

cc: Norman Rothfeld, Esq. (via facsimile)
    Richard H. Markowitz, Esq. (via facsimile)
    Louis J. Coletti (via facsimile)

266260.01/06/02/08