*Norman Rothfeld*
*Counselor at Law*

(212) 686-0070
FAX: (212) 481-9569

*276 Fifth Avenue, New York, N.Y. 10001*

June 4, 2008

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

      Re: *Building Trades Employers' etc. v. Marchell*, Case No. 08 CIV 4564 (DLC)

Dear Judge Cote:

      Enclosed please find the NLRB's Notice of 10 (k) Hearing scheduled for June 17, 2008, which will dispose of the issue before your Honor.

      I also enclose the Eighth Circuit's decision in *Sheet Metal Workers v. Murphy Const. Co.*, C.A.8, 1999, 191 F.3d 909, which held in this very circumstance that a stay in proceedings is required for appropriate deference to the jurisdiction and expertise of the NLRB, rather than risk conflicting determinations by the courts and the NLRB.

      Because this is a "priority case" the NLRB will issue its decision without receiving briefs. The Board must not honor the arbitrators' award herein because Unitec Elevator did not agree to be bound thereby *NLRB v. Plasterers' Local Union No. 79*, 404 US 116 (1971).

      Because the instant case is on all fours with *Elevator Constructors Local 1 and Elevator Industries Association and Local 3, IBEW*, 229 NLRB 1200, 96 LRRM 1332, 1977 I expect the Board in effect to rubberstamp that decision.

      I see no reason to credit the speculation of Richard Markowitz that national politics at the Board my delay its decision. The Board always awards the work to the employees selected by the employer who controls the assignment of the work—unless such award would breach a clear CBA provision awarding that work to others.

      Respectfully,

      Norman Rothfeld

cc:    Gregory R. Begg, Esq. (via facsimile)
        Richard Markowitz, Esq. (via facsimile)
NR/kb

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 29

LOCAL 3, INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS, AFL-CIO

and

ALLIANCE ELEVATOR CORPORATION D/B/A                    29-CD-617
UNITEC ELEVATOR

and

LOCAL ONE, INTERNATIONAL UNION OF
ELEVATOR CONSTRUCTORS OF NEW YORK
AND NEW JERSEY

NOTICE OF HEARING

PLEASE TAKE NOTICE that on June 17, 2008, at 9:30 AM, and on consecutive days thereafter until concluded at Two MetroTech Center, 5th Floor, Brooklyn, New York, a hearing officer of the National Labor Relations Board will conduct a hearing pursuant to Section 10(k) of the National Labor Relations Act. At the hearing, the parties will have the right to appear and present testimony regarding the dispute alleged in Case No. 29-CD-617 involving the assignment of the following work:

> The work being performed by employees of Alliance Elevator
> Corporation d/b/a Unitec Elevator, herein called the Employer, in
> connection with modernizing existing elevators at LeFrak City, a multi-

building residential housing complex located in Corona, Queens, New York, specifically, upgrading, replacing and/or installing equipment and component parts in existing elevators to meet current code compliance.

Dated at Brooklyn, New York, June 3, 2008.

*Alvin Blyer*

Alvin Blyer
Regional Director, Region 29
National Labor Relations Board
Two MetroTech Center, 5th Floor
Brooklyn, New York 11201

McGuireWoods LLP     6/4/2008 4:55     PAGE 002/003     Fax Server

**Westlaw**

191 F.3d 909
191 F.3d 909, 162 L.R.R.M. (BNA) 2334
(Cite as: 191 F.3d 909)

Page 1

© Sheet Metal Workers Intern. Ass'n v. Murphy Const. Co.
C.A.8 (Mo.),1999.

United States Court of Appeals, Eighth Circuit.
SHEET METAL WORKERS INTERNATIONAL
ASSOCIATION, Local Union No. 36, Appellee,
v.
MURPHY CONSTRUCTION CO., doing business as
Grossman Sheet Metal, Appellant.
No. 99-1284.

Submitted: Sept. 13, 1999.
Filed: Sept. 22, 1999.

Union brought action against construction company to enforce arbitration award ruling that it, rather than another union, was entitled to certain work. The United States District Court for the Eastern District of Missouri, Jean C. Hamilton, Chief Judge, denied company's motion to stay proceedings pending decision by the National Labor Relations Board (NLRB) as to which union was entitled to the work, and granted summary judgment in favor of union. Company appealed. The Court of Appeals, Fagg, Circuit Judge, held that appropriate deference to jurisdiction and expertise of NLRB required stay of union's action pending NLRB's decision.

Vacated and remanded with directions.

West Headnotes

[1] Action 13 €=69(7)

13 Action
    13IV Commencement, Prosecution, and Termination
        13k67 Stay of Proceedings
            13k69 Another Action Pending
                13k69(7) k. Actions and Administrative Proceedings. Most Cited Cases
    (Formerly 232Ak476 Labor Relations)
Appropriate deference to jurisdiction and expertise of National Labor Relations Board (NLRB) required stay of union's action to enforce arbitration award, ruling that it was entitled to certain work instead of another union, pending NLRB's decision as to which union was entitled to the work; district court would not be able to enforce arbitration award in the face of contrary NLRB decision. National Labor Relations Act, § 10(k), as amended, 29 U.S.C.A. § 160(k).

[2] Labor and Employment 231H €=1678(1)

231H Labor and Employment
    231HXII Labor Relations
        231HXII(I) Labor Relations Boards and Proceedings
            231HXII(I)1 In General
                231Hk1669 Exclusive, Concurrent, and Conflicting Jurisdiction
                    231Hk1678 Grievances and Arbitration
                        231Hk1678(1) k. In General. Most Cited Cases
    (Formerly 232Ak478 Labor Relations)
Courts are not to enforce an arbitration award that conflicts with a determination by the National Labor Relations Board (NLRB) under statute empowering it to hear and determine work disputes involving strikes or threatened strikes. National Labor Relations Act, § 10(k), as amended, 29 U.S.C.A. § 160(k).

*910 Lawrence P. Kaplan, St. Louis, MO, argued, for appellant.
Sally E. Barker, St. Louis, MO, argued, for appellee.

BEFORE: MCMILLIAN, FAGG, and MURPHY, Circuit Judges.

FAGG, Circuit Judge.
Murphy Construction Co. (Murphy) maintains collective bargaining agreements with both Sheet Metal Workers International Association, Local Union No. 36 (Local 36) and United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local Union No. 562 (Local 562). After Murphy assigned two jobs to Local 562, Local 36 filed a grievance, claiming it was entitled to the work. The arbitrator agreed and awarded Local 36 damages. Local 562 threatened to strike if the work was reassigned to Local 36, and, faced with the unions' conflicting demands, Murphy requested that the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Jun 05 08 10:46a   Shaw & Binder   2125481959   p.7

McGuireWoods LLP    6/4/2008 4:55    PAGE 003/003    Fax Server

191 F.3d 909
191 F.3d 909, 162 L.R.R.M. (BNA) 2334
(Cite as: 191 F.3d 909)

Page 2

National Labor Relations Board (NLRB) resolve the dispute. See National Relations Act (NLRA) § 8(b)(4)(D), 29 U.S.C. § 158(b)(4)(D) (1994) (unfair labor practice for union to strike in support of its claim to disputed work); NLRA § 10(k), 29 U.S.C. § 160(k) (authorizing NLRB to hear and decide work disputes involving threatened strikes). The NLRB held a § 10(k) hearing in which both unions and Murphy participated, but has not yet decided which union is entitled to the work. Meanwhile, Local 36 brought this lawsuit in district court to enforce the arbitration award. The district court denied Murphy's motion to stay proceedings pending the NLRB's decision and granted summary judgment for Local 36.

[1][2] On appeal, Murphy contends the district court abused its discretion by denying Murphy's motion to stay proceedings. We agree. "It is well-established law that courts are not to enforce an arbitration award that conflicts with a § 10(k) determination." _J.F. White Contracting Co. v. Local 103 Int'l Bhd. of Elec. Workers_, 890 F.2d 528, 529 (1st Cir.1989); accord _Carey v. Westinghouse Elec. Corp._, 375 U.S. 261, 272, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964) ("Should the [NLRB] disagree with the [arbitrator], ... the [NLRB's] ruling would, of course, take precedence...."); _Local 7-210, Oil, Chem. & Atomic Workers, Int'l Union v. Union Tank Car Co._, 475 F.2d 194, 199 (7th Cir.1973) ("[O]nce the [NLRB] has acted, either before or after the arbitrator's award, the [NLRB's] order overrides the arbitrator's decision."). Here, the NLRB's pending decision will address the same issue *911 presented to the arbitrator, and, if the NLRB decides Local 562 is entitled to the disputed work, the arbitrator's conflicting conclusion must bow to the NLRB's determination. Given that the district court will be unable to enforce the arbitration award to Local 36 in the face of a contrary NLRB decision, we conclude in this instance that "[a]ppropriate deference to the jurisdiction and expertise of the [NLRB] ... require[d] a stay of judicial proceedings." _Northern Calif. Dist. Council of Hod Carriers, Bldg. & Constr. Laborers v. Opinski_, 673 F.2d 1074, 1075 (9th Cir.1982); accord _International Org. of Masters, Mates & Pilots v. Trinidad Corp._, 803 F.2d 69, 74 (2d Cir.1986) ("[S]ince the NLRB has ... scheduled a hearing on the very issue involved here, ... it would be inopportune to preempt the NLRB's jurisdiction and risk conflicting determinations by this court and the NLRB.... Accordingly, the most efficient procedure at this time is to stay the matter pending resolution ... by the NLRB."); cf. _Sheet Metal Workers Local Union No. 20 v. Baylor Heating & Air Conditioning, Inc._, 877 F.2d 547, 550-51 (7th Cir.1989) (district court did not abuse its discretion in denying stay pending NLRB decision because "the underlying controversy [was] primarily contractual [and] the [NLRB] should defer to the courts"); _International Bhd. of Elec. Workers, Local 532 v. Brink Constr. Co._, 825 F.2d 207, 213 (9th Cir.1987) (stay not compelled because "district court's order addressed no issues within the NLRB's primary jurisdiction").

Thus, we vacate the district court's entry of summary judgment for Local 36 and remand to the district court with directions to grant Murphy's motion for a stay pending the NLRB's decision. Because our conclusion disposes of Murphy's appeal, we do not consider Murphy's remaining contentions.

C.A.8 (Mo.),1999.
Sheet Metal Workers Intern. Ass'n v. Murphy Const. Co.
191 F.3d 909, 162 L.R.R.M. (BNA) 2334

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Jun 05 08 10:46a    Shaw & Binder    2124819569    p.3