UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUILDING TRADES EMPLOYERS' ASSOCIATION on behalf of THE NEW YORK PLAN FOR THE SETTLEMENT OF JURISDICTIONAL DISPUTES,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN E. MARCHELL, in his official capacity as President of LOCAL UNION 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS and LOCAL UNION 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 08-CIV-4564 (DLC) |

## MEMORANDUM OF INTERVENOR, LOCAL 1, ON ISSUE OF DEFERRAL

Your Honor has requested the position of the parties on whether the Court should stay this case and defer to the National Labor Relations Board ("Board"). The position of the Intervenor, Local 1, is that the Court should not defer.

There is no doubt that the Board has the authority to issue a decision as to who is entitled to perform work in dispute, provided it proceeds properly. NLRB v. Radio Engineers, Local 1212 (Columbia Broadcasting System), 364 U.S. 573, 81 S.Ct. 330 (1961). However, we have a rather unusual situation here. That unusual situation is addressed in my Declaration and gives a compelling reason why this Court should not defer to the Board in this case. As my Declaration explains, if this matter is deferred to the Board, at the present time, the likelihood is that the case will not be decided until well after the completion of the job in dispute.

Even when there was a five-member Board, there was often a significant period of time that elapsed between the filing of the charge in a jurisdictional dispute proceeding under Section 10(k), 29 U.S.C. §160(k). For example, in Sheet Metal Workers Local 19 and Metropolitan Regional Council of Carpenters and E.P. Donnelly, Inc., 345 NLRB No. 70 (2005), the initial charge was filed on June 29, 2004, and the Board decision was issued on September 28, 2005. In International Brotherhood of Electrical Workers Local 757 and Western Diversified Electric and International Union of Operating Engineers Local 12, 344 NLRB No. 147 (2005), the charge was filed on September 9, 2002. The decision of the Board did not issue until almost three years later on July 29, 2005.

It is common knowledge among the experienced Labor Bar that, because of a political impasse, the present Board is virtually a non-functioning institution. There are only two members of the Board, for the reasons that I have set forth in my Declaration, and they more often than not are in disagreement on matters before them. In this political climate, the membership of the Board will not be increased in the near future, and the Board will continue in its non-functioning role for some time. .

Local 1 reminds the Court of what the Supreme Court said in the case of Litton Financial Printing Division v. National Labor Relations Board, 501 U.S. 190, 111 S. Ct. 2215, 115 L.Ed.2d 177 (1991). Here the Supreme Court emphasized that "[a]rbitrators and courts are still the principal sources of contract interpretation" (Id. at 202). The contract at issue between the parties has been interpreted by the Arbitrator in accordance with the agreement to which both Local Unions are parties. The Court can properly oversee the interpretation of that contract by the Arbitrator and need not defer to the Board. Because we have had an appropriate alternative method of ruling on the dispute and because of the peculiar situation with respect to the Board,

the Court should not defer. Deferral to the Board will not aid in the resolution of this dispute but will merely leave the dispute unresolved for many months.[1]

It is respectfully submitted that the equities in this case compel the conclusion that this Court should enforce the Arbitration Award issued under the New York Plan. The BTEA and the Building and Construction Trades Council have entered into an agreement to avoid work stoppages and to resolve disputes between unions over the performance of work. That process resulted in this case in the award of work to Local 1. That entire process and the agreement between these parties is rendered meaningless if the Arbitration Award is ignored and the entire issue is deferred to the NLRB.

Respectfully submitted,

**MARKOWITZ & RICHMAN**

Date: June 5, 2008

/s/ Richard H. Markowitz
RICHARD H. MARKOWITZ, ESQUIRE
(RHM-5158)
1100 North American Building
121 South Broad Street
Philadelphia, PA 19107
(215) 875-3111
(215) 790-0668 (Fax)

Attorney for Local 1, International
Union of Elevator Constructors

---

[1] Several Courts of Appeals have considered the interplay between the jurisdiction of the NLRB and the federal courts. The Court of Appeals for the Third Circuit said:

> "A labor case, therefore, can be within the concurrent jurisdiction of the NLRB and the federal courts, but it is within the NLRB's exclusive jurisdiction only if it involves an unfair labor practice that is not also covered by §301(a)." _Mack Truck, Inc. v. International Union UAW_, 856 F2d 579, 585 (3d Cir. 1988).

See also _International Brotherhood of Electrical Workers v. Brink Constructor Company_, 825 F.2d 207, 213 (9th Cir 1987).

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 5, 2008, the foregoing Memorandum of Intervenor, Local 1, on Issue of Deferral was filed with the Clerk of the Court via electronic filing and served upon the following parties and participants:

Gregory R. Begg, Esquire          (**via ECF**)
Peckar and Abramson
70 Grand Avenue
River Edge, NJ 07661
Attorney for Plaintiff

Norman Rothfeld, Esquire          (**via ECF**)
276 5th Avenue
New York, NY 10001
Attorney for Defendant

_/s/ Richard H. Markowitz_
RICHARD H. MARKOWITZ (RHM5158)
MARKOWITZ AND RICHMAN
121 South Broad Street, Suite 1100
Philadelphia, PA 19107
Ph: (215) 875-3111
Fax: (215) 790-0668
kbrookes@markowitzandrichman.com

Date: June 5, 2008

Attorney for the Application for Intervention,
Local 1, International Union of Elevator Constructors

4