```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
BUILDING TRADES EMPLOYERS' ASSOCIATION  :
on behalf of THE NEW YORK PLAN FOR THE  :
SETTLEMENT OF JURISDICTIONAL DISPUTES,  :      08 Civ. 4564 (DLC)
                      Plaintiff,        :
                                        :      OPINION AND ORDER
              -v-                       :
                                        :
JOHN E. MARCHELL, in his official       :
capacity as President of LOCAL UNION 3, :
INTERNATIONAL BROTHERHOOD OF ELECTRICAL :
WORKERS and LOCAL UNION 3,              :
INTERNATIONAL BROTHERHOOD OF ELECTRICAL :
WORKERS,                                :
                      Defendants.       :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff Building Trades Employers' Association:
Gregory R. Begg
Peckar & Abramson, P.C.
70 Grand Avenue
River Edge, NJ 07661

For Intervenor/Plaintiff Local 1, International Union of Elevator Constructors:
Richard H. Markowitz
Markowitz & Richman
121 South Broad Street, Suite 1100
Philadelphia, PA 19107

For Defendant Local Union 3, International Brotherhood of Electrical Workers:
Norman Rothfeld
276 Fifth Avenue
New York, NY 10001

DENISE COTE, District Judge:

This Opinion stays the issuance of an injunction until late August 2008 to permit the NLRB to resolve a jurisdictional dispute between two labor unions. On May 15, 2008, plaintiff Building Trades Employers' Association ("BTEA"), on behalf of the New York Plan for the Settlement of Jurisdictional Disputes (the "New York Plan"), filed this action seeking to enforce a February 26, 2008 arbitration ruling made pursuant to the New York Plan (the "New York Plan Decision"), which held that plaintiff International Union of Elevator Constructors of New York and New Jersey, Local 1 ("Local 1")[1] possesses jurisdiction to perform certain elevator work at an apartment complex in Queens commonly known as Lefrak City (the "Lefrak Elevator Work").[2] The Lefrak Elevator Work is currently being performed by members of defendant Local Union 3, International Brotherhood of Electrical Workers ("Local 3"). Plaintiff seeks an injunction preventing Local 3 from proceeding with the Lefrak Elevator Work, a declaration that Local 3 is bound by the New York Plan, and confirmation of the New York Plan Decision.

---

[1] Local 1 filed a motion to intervene as a plaintiff in this action on May 19, 2008, which was granted by an Order dated June 3, 2008.

[2] In this context, a dispute regarding "jurisdiction" is, in plain terms, "a controversy as to whether certain work should be performed by workers in one bargaining unit or those in another." Carey v. Westinghouse Elec. Corp., 375 U.S. 261, 263 (1964).

On May 27, 2008, the Elevator Industries Association, Inc., on behalf on Unitec Elevator Company -- the entity currently employing members of Local 3 in connection with the Lefrak Elevator Work -- filed charges with the National Labor Relations Board ("NLRB") against both Local 1 and Local 3 alleging violations of Section 8(b)(4)(D) of the National Labor Relations Act ("NLRA") arising out of the dispute over the Lefrak Elevator Work.  On June 3, the NLRB issued a Notice of Hearing pursuant to Section 10(k) of the NLRA in connection with these charges.[3]  The hearing is scheduled for June 17, 2008.

On May 27, Local 3 filed opposition to the plaintiff's application for a preliminary injunction in which it raised several arguments, including (1) that this Court lacks jurisdiction to preside over this action under 29 U.S.C. § 185(a), (2) that Local 3 was not bound by the New York Plan, and (3) that this Court should stay this action in deference to the proceedings before the NLRB.  At a conference held with the parties on June 3, the Court found that it had jurisdiction over this lawsuit under 29 U.S.C. § 185(a), see Drywall Tapers and Pointers of Greater New York v. Bovis Lend Lease Interiors, Inc., No. 05 Civ. 2746, 2005 WL 2205836, at *8 (E.D.N.Y. Sept.

---

[3] Local 1 has argued that the Notice of Hearing was issued only in reference to the charges against Local 3.  This cannot be confirmed based upon the documents submitted to this Court.  It may be noted, however, that both Local 1 and Local 3 are listed as parties in the Notice's caption.

9, 2005), and rejected the defendant's challenges to the New York Plan Decision, but reserved decision on the application for a stay.

Following the June 3 conference, an Order was issued directing the parties to make additional submissions "on the sole issue of whether it would be appropriate to stay this action and defer to the related proceedings before the [NLRB]." Each party filed such a submission, and a conference was held on June 10 during which all parties were given an opportunity to be heard on this issue, as well as the question of how long any stay entered in this action should last.

The following principles of law are relevant the defendant's application for a stay. First, it is well-settled that "[Section] 10(k) requires the [NLRB] to decide jurisdictional disputes on their merits," i.e., to decide "that one or the other [bargaining unit] is entitled to do the work in dispute." NLRB v. Radio & Television Broadcast Engineers Union, 364 U.S. 573, 579 (1961). See generally 29 U.S.C. § 158(b)(4)(D) (making it an unfair labor practice for a union to strike in support of its claim to disputed work); 29 U.S.C. § 160(k) ("empower[ing] and direct[ing]" the Board "to hear and determine" work disputes involving strikes or threatened strikes). Thus, it is apparent that the NLRB hearing scheduled for June 17 will address the same substantive issue that gives

4

rise to this action -- namely, whether Local 1 or Local 3 is entitled to perform the disputed Lefrak Elevator Work.

Second, any decision ultimately made by the NLRB regarding which union is entitled to perform the work at issue here will take precedence over the New York Plan Decision issued on February 26. See Carey, 375 U.S. at 272 ("Should the Board disagree with the arbiter . . . the Board's ruling would, of course, take precedence."); Advance Cast Stone Co. v. Bridge, Structural & Reinforcing Iron Workers, 376 F.3d 734, 740 (7th Cir. 2004) ("When an arbitration award is in conflict with the decision of the NLRB in a § 10(k) proceeding, the NLRB decision takes precedence.") (citation omitted); Sheet Metal Workers Int'l Assoc. v. Murphy Constr. Co., 191 F.3d 909, 910 (8th Cir. 1999) ("It is well-established that courts are not to enforce an arbitration award that conflicts with a § 10(k) determination.") (citation omitted); J.F. White Contracting Co. v. Local 103, Int'l Bhd. of Elec. Workers, 890 F.2d 528, 529 (1st Cir. 1989) (same); Local 1, Amalgamated Lithographers of Am. v. Stearns & Beale, 812 F.2d 763, 768 (2d Cir. 1987) ("N.L.R.B. rulings take precedence over arbitrator[s'] rulings."). Although plaintiffs correctly note that, as recognized in NLRB v. Plasterers' Local Union No. 79, 404 U.S. 116 (1971), the NLRB will not, following the Section 10(k) hearing, issue a formal "cease-and-desist order against either union or [the] employer" assigning the

5

disputed work, id. at 126, the employer and the non-prevailing union "will be under intense pressure, practically, to conform to the Board's decision" because of the exposure to an unfair labor practices charge that would result from a failure to do so. Id. at 127. Thus, the fact that the NLRB will not issue a formal order granting the work to Local 1 or Local 3 is of little moment.

Third, while a federal court possesses "concurrent jurisdiction with the NLRB" to hear cases brought under 29 U.S.C. § 185(a) where parallel proceedings alleging unfair labor practices are pending before the NLRB, Int'l Org. of Masters, Mates & Pilots v. Trinidad Corp., 803 F.2d 69, 73 (2d Cir. 1986), if the NLRB has initiated proceedings and "scheduled a hearing on the very issue involved" in the § 185(a) action, a court may "defer to the NLRB for resolution of the issue" in order to avoid the "risk [of] conflicting determinations." Id. at 74; see also Murphy Constr. Co., 191 F.3d at 910-11; N. Cal. Dist. Council of Hod Carriers, Bldg. & Const. Laborers v. Opinski, 673 F.2d 1074, 1075 (9th Cir. 1982) (Kennedy, J.) Although deferral is not required, entering a stay pending the outcome of the NLRB proceeding may be "the most efficient procedure" in such circumstances. Trinidad Corp., 803 F.2d at 74.

6

In light of the legal principles outlined above, a stay in this action is appropriate in order give the NLRB an opportunity to address the issues presented in this action.  The plaintiffs' principal objection[4] to this course of action is the length of time that they believe the NLRB will take to reach its Section 10(k) determination following the hearing on June 17.  Based on an analysis of recent Section 10(k) decisions, plaintiff BTEA reports that, on average, 7.7 months elapsed between the date on which charges were filed with the NLRB and the date on which the Section 10(k) determination was rendered.  (The time periods ranged between 3 and 34 months.)  Given that the charges here were filed on May 27, 2008, BTEA estimates that the NLRB will not act until mid-January 2009.[5]  At that time, plaintiffs estimate that the Lefrak Elevator Work will be substantially completed.  (Counsel estimated that the work would be completed in April or May 2009.)  Local 3, by contrast, argues that the

---

[4] Plaintiffs also raised their concern that deferral to the NLRB in cases such as this will encourage parties to the New York Plan -- at least those who are in possession of the work site and who have lost the arbitration -- to undermine the arbitration process by precipitating unfair labor practice actions before the NLRB.

[5] Local 1's counsel also submitted a declaration addressing the current status of the NLRB, namely, that the Board is acting with only two members (rather than the full five), and is thus experiencing significant delays in ruling on the cases before it, and only rendering decisions where the two members are in agreement.  This declaration similarly estimates that a decision on the related action here will not issue until "sometime in the year 2009 at the earliest."

NLRB will be guided by its prior decision in <u>International Union of Elevator Constructors, Local Union 1</u>, 229 N.L.R.B. 1200, 1203 (June 3, 1977) -- which awarded disputed elevator work to Local 3 despite a contrary arbitration award made by the BTEA -- and thus will be able to act promptly. It predicts a decision within a matter of weeks.

Accordingly, in light of the concerns raised by the parties, an Order issued concurrently with this Opinion will stay this action and direct the defendants to file a submission on August 8, 2008, presenting its position as to why the stay should not be lifted; the plaintiffs' opposition will be due on or before August 15; any reply from the defendant will be due on August 22.

SO ORDERED:

Dated:   New York, New York
         June 13, 2008

                                                    DENISE COTE
                                     United States District Judge