LAW OFFICES
MARKOWITZ & RICHMAN
1100 NORTH AMERICAN BUILDING
121 SOUTH BROAD STREET
PHILADELPHIA, PENNSYLVANIA 19107

(215) 875-3100
TELECOPIER (215) 790-0668
WWW.MARKOWITZANDRICHMAN.COM
DIRECT DIAL
215-875-3111

RICHARD H. MARKOWITZ *
STEPHEN C. RICHMAN *
PAULA R. MARKOWITZ
QUINTES D. TAGLIOLI
JONATHAN WALTERS ++
ANTHONY C. BUSILLO II
THOMAS H. KOHN ***
RUTH SKOGLUND
R. MATTHEW PETTIGREW, JR. **
PETER H. DEMKOVITZ +
MATTHEW D. AREMAN +

* ALSO ADMITTED IN NEW YORK AND DISTRICT OF COLUMBIA
\+ ALSO ADMITTED IN NEW JERSEY
++ ALSO ADMITTED IN DISTRICT OF COLUMBIA
** ALSO ADMITTED IN NEW JERSEY AND NEW YORK
*** ALSO ADMITTED IN VIRGINIA AND DISTRICT OF COLUMBIA

ALLENTOWN OFFICE
SUITE 200 COMMONWEALTH BLDG.
512 HAMILTON STREET
ALLENTOWN, PA 18101-1505
(610) 820-9531

NEW JERSEY OFFICE
24 WILKINS AVENUE
HADDONFIELD, NJ 08033
(856) 616-2930

NEW YORK OFFICE
880 THIRD AVENUE
NINTH FLOOR
NEW YORK, NY 10022
(212) 752-6761

HARRISBURG OFFICE
27 SOUTH ARLENE STREET
P.O. BOX 6865
HARRISBURG, PA 17112-6865
(717) 541-9475

August 1, 2008

Honorable Denise L. Cote
United States District Judge
United States District Court for
the Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

*File No.: 17-1-408*

**Re: Building Trades Employers' Association, and Local No. 1 International Union of Elevator Constructors, Intervening Plaintiff v. John E. Marchell, as President of Local Union 3 International Brotherhood of Electrical Workers and Local Union 3 International Brotherhood of Electrical Workers United States District Court for the Southern District of New York Civil Action No. 08-CIV-4564 (DLC)**

Dear Judge Cote:

The undersigned is counsel for the Intervening Plaintiff in the above-referenced matter, Local No. 1 International Union of Elevator Constructors, AFL-CIO.

Pursuant to your Honor's Order of June 13, 2008, I am enclosing a proposed Order issuing the Preliminary Injunction sought by the Plaintiff and the Intervenor in this matter. I am, of course, sending copies of this proposed Order and of this communication to other counsel whose names and addresses are listed below.

The present status of this matter is as follows:

As Your Honor's Opinion of June 13, 2008 points out, on May 27, 2008, Elevator Industries Association, Inc., on behalf of Unitech Elevator Company, filed unfair labor practice charges with the National Labor Relations Board against both Local 1 and Local 3 International brotherhood of Electrical Workers, alleging violations of the National Labor Relations Act. The charge against Local 1 was captioned as Case No. 29-CD-616 and was later withdrawn. The charge against Local 3 was captioned as Case No. 29-CD-

617 and resulted in a Notice of Hearing pursuant to Section 10(k) of the National Labor Relations Act.

Hearings were held on June 17 and June 18, 2008, before a Hearing Officer of the National Labor Relations Board. Briefs were originally due with the National Labor Relations Board in Washington, DC on June 25, 2008, but this date for the receipt of Briefs was extended by the Board itself to July 9, 2008. Briefs were filed with the National Labor Relations Board in this matter by the undersigned on behalf of Local 1, by Michael DiMattia, Esquire, on behalf of Elevator Industries Association, Inc., and by Dennis Lalli, Esquire, on behalf of Unitech Elevator Company. Counsel for Local 3 did not file a Brief, but argued orally at the hearing. As of this writing, no Decision has been issued by the National Labor Relations Board.

The evidence at the hearing before the National Labor Relations Board disclosed several interesting facts. First, it clearly appears that the unfair labor practice charge filed by Elevator Industries Association was "manufactured" by Local 3 and its members. As your Honor is aware, subsequent to the Arbitration Award of the New York Plan of February 26, 2008, Local 3 took no action either to appeal this Award or to object to its terms. The instant litigation was filed on May 16, 2008 and Judge Batts entered a Rule to Show Cause on that date setting a hearing for June 3, 2008. Prior to the hearing before Your Honor on June 3, 2008, members of Local 3 employed by Unitech Elevator wrote to Unitech advising that they would strike if the elevator work at Lefrak City was awarded to Local 1.

I am enclosing herewith a copy of what is referred to Charging Party's Exhibits 5A and 5B in the Section 10(k) proceedings before the National Labor Relations Board. These documents indicate that on May 27, 2008, the date of the filing of the unfair labor practice charges by Elevator Industries Association, employees of Unitech Elevator advised that concern that they would strike Unitech Elevator if the elevator work at Lefrak City were awarded to Local 1. References were made in Charging Party's Exhibit 5B to this litigation and to the fact that Local 3 was in court as a Defendant in the instant case.

Local 1 submits that it is perfectly obvious that members of Local 3 were induced or persuaded by Local 3 to submit the enclosed exhibit to Unitech Elevator in order to create a situation which formed the basis for the unfair labor practice charge filed in Case No. 29-CD-617 by Elevator Industries Association. We believe that members of Local 3 were advised of this litigation by Local 3 and induced to submit the enclosed Exhibit to Unitech Elevator Company in order to form a basis for the unfair labor practice charge in this case.

It is also worthy of note that the collective bargaining agreement between Local 3 and Elevator Industries Association contains a clear and unambiguous "no-strike" clause. This collective bargaining agreement squarely prohibits employees of Unitech Elevator from engaging in a strike. The supposed threat made in the enclosed Exhibit to Unitech Elevator to strike if Local 1 were to perform the elevator work at Lefrak City was nothing

but a subterfuge and an attempt to form the basis for an unfair labor practice charge which would result in a hearing under Section 10(k) of the National Labor Relations Act.

It was also developed at the hearing before the National Labor Relations Board that Unitech Elevator Company is a wholly-owned subsidiary of United Technologies Corporation. Otis Elevator Company, which is a party to a collective bargaining agreement with Local 1, is also a wholly-owned subsidiary of United Technologies Corporation. Otis Elevator Company is bound to observe the Decision of the New York Plan under its collective bargaining agreement with Local 1.

Thus, it is the position of Local 1 International Union of Elevator Constructors, AFL-CIO that the Preliminary Injunction requested by the Plaintiff and Intervening Plaintiff in this matter should be issued. It is our position that Local 3 sought to use the processes of the National Labor Relations Board as a means of avoiding its obligations under the New York Plan for the Settlement of Jurisdictional Disputes and to torpedo the result reached by the New York Plan by virtue of its creation of an artificial situation giving rise to unfair labor practice charges before the National Labor Relations Board.

Respectfully submitted,

Richard H. Markowitz

**RICHARD H. MARKOWITZ**

RHM/kb
Encl.

Cc: Gregory R. Begg, Esquire
Peckar and Abramson
70 Grand Avenue
River Edge, NJ 07661
Attorney for Plaintiff
**VIA OVERNIGHT MAIL**

Norman Rothfeld, Esquire
276 5th Avenue
New York, NY 10001
Attorney for Defendant
**VIA OVERNIGHT MAIL**

202

Charging Party Exhibit 5A

May 27, 2008

Unitec Elevator
13-02 44 th Ave
L.I.C. N.Y. 11101

To Whom It May Concern:

It has been brought to my attention that local #1 claims that the job known as LeFrak City is there work. This is not the case with this or any other job that local #3 has done in the past with the same scope of work .Let it be known that if Unitec Elevator gives this job to local # 1 we will strike the buildings.

***Thank You***

Donald Basedow Jr.

F. Bartholom

Rich Dyson

Robert Fonti

Anthony Tromba[illegible]

May 27, 2008

Unitec Management
13-02 44th Avenue
Long Island City, NY 11101

Dear sirs:

After months of speculation about Local 1 and their intent on taking LeFrak City, it has come to our attention that we are about to go to court over this matter. This is disturbing news to us all. Many of us are long standing Local 3 members, who have done countless modernizations over the years. Many of these modernizations have contained the same scope of work as LeFrak City.

As loyal Unitec employees, we hope that Unitec Elevator is prepared to fight and not give into Local 1 and their bully tactics. If this were to happen, it would result in many of us losing our jobs and open the door for Local 1 to take many more jobs from fellow Local 3 members, and their companies as well. Such action would force us to strike all Unitec accounts.

We understand that this is new ground for us all. We are prepared to support Unitec in their fight against Local 1. But if Unitec should decide not to fight and give up LeFrak, we are ready to strike. It is an extreme that no one wants to see, but one that will be done if the situation calls for it.

Sincerely,

[illegible]
Michael [illegible]
V A [illegible]
[illegible]
[illegible] Verdun
[illegible]
Brian [illegible]
Hector [illegible]
[illegible]
[illegible]
[illegible]
Carlos Soto
[illegible]
Luis [illegible]
[illegible]
[illegible]
[illegible]
Virgilio Batista
Gerald Ulrich
Kenneth Connelly
[illegible] JR.
[illegible]
Louis Filiberti

[illegible]
Robert [illegible]
Alexander [illegible]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BUILDING TRADES EMPLOYERS' ASSOCIATION on behalf of THE NEW YORK PLAN FOR THE SETTLEMENT OF JURISDICTIONAL DISPUTES,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN E. MARCHELL, in his official capacity as President of LOCAL UNION 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS and LOCAL UNION 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 08-CIV-4564 (DLC) |

**PRELIMINARY INJUNCTION**

Upon consideration of the positions expressed in this matter by Plaintiff Building Trades Employers' Association, Intervening Plaintiff, Local No. 1 International Union of Elevator Constructors, AFL-CIO and Defendant, Local 3 International Brotherhood of Electrical Workers, AFL-CIO and consistent with the Order entered by this Court under date of June 13, 2008 staying this action pending a decision of the National Labor Relations Board and, it appearing that no decision of the National Labor Relations Board has issued, it is hereby ORDERED as follows:

1. Local Union 3 International Brotherhood of Electrical Workers and its members are hereby enjoined from performing any elevator work at the Lefrak City project located in Rego Park, Queens, New York.

2. The Arbitration Decision issued under the New York Plan for the Settlement of Jurisdictional Disputes, dated February 26, 2008 is hereby confirmed and enforced.

SO ORDERED:

DATED: New York, New York
August _____, 2008

_________________________________
DENISE COTE
United States District Judge