*Norman Rothfeld*
*Counselor at Law*

(212) 686-0070
FAX: (212) 481-9569

*276 Fifth Avenue, New York, N.Y. 10001*

August 7, 2008

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

    *Re: Building Trades Employers' etc. v. Marchell, Case No. 08 CIV 4564 (DLC)*

Dear Judge Cote:

    Enclosed you will please find two courtesy copies of submission presenting Local 3's position as to why your stay should not be lifted.

                                    Respectfully,

                                    Norman Rothfeld

cc:    Gregory R. Begg, Esq. (via facsimile)
       Richard Markowitz, Esq. (via facsimile)
NR/kb

S:\MISC\NYRA\Cotteltr06-28-08.wpd

*Norman Rothfeld*
*Counselor at Law*

(212) 686-0070
FAX: (212) 481-9569

276 Fifth Avenue, New York, N.Y. 10001

August 7, 2008

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

**Re: Building Trades Employers' etc. v. Marchell, Case No. 08 CIV 4564 (DLC)**

**Local 3's Submission Opposing Lifting of Stay of Enforcement Proceeding**

1.  The briefing schedule of Local 1's counsel probably helped to delay the NLRB's issuance of its Order awarding the disputed work. On June 18, 2008 at the conclusion of the NLRB 10 (k) hearing the undersigned made an oral submission in lieu of a brief so that the appropriate NLRB personnel would have Local 3's arguments before vacation schedules in Washington D.C. would commence. Counsel for Elevator Industries Association and for Unitec Elevator urged all parties to waive filing briefs for that reason. Local 1's counsel declined, and he wrote to the Board requesting an extension until July 9, 2008, which extension was granted.

2.  The Lefrak City job probably will not be finished until June 2010. This court relied upon the statement of Local 1's counsel that the Lefrak City job should be completed around January 2009. However, at the 10 (k) hearing Unitec Elevator testified that the job would be completed around June 2010. Asked by Local 1 counsel about the requirement in the Job Specifications for substantial completion 62 weeks after the machinery was agreed upon, the employer stated that there are twenty elevator contracts, only ten of which — for 30 elevators — had as yet been submitted to him, and that each contract covered the three elevator identified therein. Accordingly, it is highly probable that any Court Order enforcing the arbitrator's Decision would be followed by a motion to vacate the order upon receipt of the anticipated NLRB award — long prior to June 2010.

3.  The possible scope of this Court's jurisdiction is limited. The undisputed testimony at the 10 (k) hearing showed that Local 3 members at the Lefrak City job included not only modernization mechanics, but also included electricians and maintenance mechanics and others who did not perform modernization work, hence were not covered by the arbitrator's Decision. Accordingly, any injunction would not include those employees who do not perform work covered by the arbitrator's Decision.

4.  The Flawed Arbitration Record —. This court relied upon the statement by Local 1

counsel that Local 3 participated in the arbitration, and by the statement in the arbitrator's Decision that Local 3 submitted exhibits. However, the record of the 10 (k) hearing established that the reference in the arbitrator's Decision to the alleged submission was a typo, in that Local 1 submitted those exhibits. Local 1's witness admitted that he himself submitted the documents referred to in the arbitrators Decision. Local 3 testified that it did not participate in the arbitration, but argued that the arbitrator lacked jurisdiction.

     5.    No showing of irreparable injury exists. BTEA did not offer evidence of injury to this Court. Local 1's affidavit stated that it had 85 mechanics and 50 apprentices who were "unemployed". However, at the 10 (k) hearing the membership list of Local 1 listed no "unemployed", but listed the employers of 85 mechanics and 35 apprentices as "unknown". Local 1's testimony was that "unknown" referred to "unemployed". Assuming arguendo the accuracy of this testimony, and there being no record of sick or disabled members or of members not then employed by elevator contractors but not seeking employment, the listing of 120 "unknowns" should not be deemed evidence that Local 1 members are ready, willing and capable of performing modernization work at Lefrak City at this time.

    Clearly, therefore, the Court should not lift its stay at this time.

Respectfully submitted,

Norman Rothfeld
(NR-0639)

NR/kb

S:\MISC\NYRA\Cotteltr06-28#2-08.wpd