LAW OFFICES
# MARKOWITZ & RICHMAN
1100 NORTH AMERICAN BUILDING
121 SOUTH BROAD STREET
PHILADELPHIA, PENNSYLVANIA 19107

(215) 875-3100
TELECOPIER (215) 790-0668
WWW.MARKOWITZANDRICHMAN.COM
DIRECT DIAL

215-875-3111

August 12, 2008

RICHARD H. MARKOWITZ *
STEPHEN C. RICHMAN *
PAULA R. MARKOWITZ
QUINTES D. TAGLIOLI
JONATHAN WALTERS ++
ANTHONY C. BUSILLO II
THOMAS H. KOHN ***
RUTH SKOGLUND
R. MATTHEW PETTIGREW, JR.**
PETER H. DEMKOVITZ +
MATTHEW D. AREMAN +

* ALSO ADMITTED IN NEW YORK
  AND DISTRICT OF COLUMBIA
+ ALSO ADMITTED IN NEW JERSEY
++ ALSO ADMITTED IN DISTRICT OF COLUMBIA
** ALSO ADMITTED IN NEW JERSEY AND NEW YORK
*** ALSO ADMITTED IN VIRGINIA
    AND DISTRICT OF COLUMBIA

ALLENTOWN OFFICE
SUITE 200 COMMONWEALTH BLDG.
512 HAMILTON STREET
ALLENTOWN, PA 18101-1505
(610) 820-9531

NEW JERSEY OFFICE
24 WILKINS AVENUE
HADDONFIELD, NJ 08033
(856) 616-2930

NEW YORK OFFICE
880 THIRD AVENUE
NINTH FLOOR
NEW YORK, NY 10022
(212) 752-6761

HARRISBURG OFFICE
27 SOUTH ARLENE STREET
P.O. BOX 6865
HARRISBURG, PA 17112-6865
(717) 541-9475

Honorable Denise L. Cote
United States District Judge
United States District Court for
the Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

*File No.: 17-1-408*

Re:   Building Trades Employers' Association, and Local No. 1 International Union of Elevator Constructors, Intervening Plaintiff v. John E. Marchell, as President of Local Union 3 International Brotherhood of Electrical Workers and Local Union 3 International Brotherhood of Electrical Workers
United States District Court for the Southern District of New York
Civil Action No. 08-CIV-4564 (DLC)

**Response To Submission Of Local 3 International Brotherhood Of Electrical Workers Opposing Lifting Of Stay Of Enforcement Proceeding And Opposing Preliminary Injunction.**

Local No. 1 International Union of Elevator Constructors, AFL-CIO submits the within Statement in opposition to the position taken by Local 3 opposing enforcement of the Arbitration Award. The instant submission is transmitted to Your Honor pursuant to Your Honor's Order of June 13, 2008 in the above-referenced litigation.

Local 3's counsel initially makes the rather absurd suggestion that the undersigned counsel for Local 1 "helped to delay the NLRB's issuance of its Order" by requesting an extension of time for the filing of briefs with the National Labor Relations Board. Under the Board's Rules briefs are due within seven (7) days after the completion of a hearing. The Court Reporter at the hearing advised the parties that the transcript would not be available until at least ten (10) days after the close of the hearing and the transcript was necessary to prepare a brief to the Board. The undersigned did request the Board to grant an extension of time to file briefs, as is normally done in these cases. No

Honorable Denise L. Cote
August 12, 2008
Page 2

other counsel in the Board proceeding, including counsel for Local 3, objected to the request for an extension of time for the filing of briefs, and the Board granted such extension.

Counsel for Local 3 also contends that the Lefrak City job will probably not be finished until June, 2010. He points out that contracts have been let only for about one-half of the elevators to be installed at this job site. He points out that it is "highly probable" that an Order of this Court enforcing the Arbitrator's Decision would be followed by a Motion to Vacate the Court's Order if and when the National Labor Relations Board issues a Decision.

We respectfully submit that such a consideration is totally irrelevant. We do not believe that this Court should enter an Order, or refuse to do so, based upon considerations of this nature or based upon what counsel for Local 3 believes the National Labor Relations Board will decide.

Contrary to Mr. Rothfeld's submission of August 7, 2008, we do not believe that there is any limitation on this Court's jurisdiction to enforce the Arbitration Award. See *Drywall Tapers and Pointers of Greater New York, Local 1974, et al v. Local 530 Operator of Plasters and Cement Masons International Association*, 954 F 2d 69 (2d Cir. 1992); *Drywall Tapers and Pointers of Greater New York v. Bovis Lend Lease Interiors, Inc.*, No. 05 Civ 2746, 2005 WL2205836, at *9 (E.D. N.Y. 2005). The Court is simply being asked in this case to enforce the Arbitration Award issued under the New York Plan which is binding upon both Local 1 and Local 3.

Local 1 respectfully submits that there is no basis for Local 3, at this stage of the proceeding, to contest the Arbitrator's Decision or to contend that it did not participate in that Decision. As the Arbitration Award states, Local 3 was present at the Arbitration hearing and submitted exhibits in support of its position.

It is also respectfully submitted that Local 3 is simply incorrect when it states that there has been no showing of irreparable injury. The fact is that this is a proceeding to enforce an Arbitration Award over which this court clearly has jurisdiction under Section 301 of the *Labor Management Relations Act of 1947*, 29 U.S.C. §185. In addition to the *Drywall Tapers* case previously cited, the Court of Appeals of this Circuit has uniformly enforced Arbitration Awards issued under collective bargaining agreements. *Local 377 RWDSU v. 1864 Tenants Association*, __F.3d__, 2008 WL 2651095 (2d Cir. 2008);

Honorable Denise L. Cote
August 12, 2008
Page 3

*Ecoline, Inc. v. Local Union No. 12, et al.,* 271 Fed.Appx. 70, 2008 WL 833505 (2d. Cir. 2008); *District Council 1707 v. Hope Day Nursery, Inc.,* 233 Fed.Appx. 32, 2007 WL 1299225 (2d. Cir. 2007).

The bottom line here is that Local 3 refuses to comply with and observe an Arbitration Award entered under an agreement by which it is bound. It seeks to use the National Labor Relations Board proceedings, which it created by virtue of the alleged threats to strike made by its members (after this litigation was instituted), as a basis for refusing to comply with the Arbitration Award or as a basis for this Court to defer to the National Labor Relations Board. Local 3's position is reminiscent of the old story of the boy who murdered his parents and then asked for mercy from the court because he was an orphan.

Local 3 has failed to comply with the Arbitration Award issued by Arbitrator Alfred Lerner, Esquire, under the New York Plan and requests this Court refuse to enforce that Award because, after the instant litigation was begun, Local 3 and its members initiated action giving rise to unfair labor practice charges before the Board. In other words, Local 3 seeks to avoid the effect of the Arbitrator's Award by conduct in which it engaged and which gave rise to the unfair labor practice charges.

Therefore, Local 1, International Union of Elevator Constructors requests that Your Honor enter the Preliminary Injunction which Local 1 submitted to Your Honor in our communication of August 1, 2008.

Respectfully submitted,

RICHARD H. MARKOWITZ

RHM/kb

Cc:   Gregory R. Begg, Esquire
      **VIA TELEFAX AND REGULAR MAIL**

      Norman Rothfeld, Esquire
      **VIA TELEFAX AND REGULAR MAIL**