UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUILDING TRADES EMPLOYERS' ASSOCIATION on behalf of THE NEW YORK PLAN FOR THE SETTLEMENT OF JURISDICTIONAL DISPUTES,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN E. MARCHELL, in his official capacity as President of LOCAL UNION 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS and LOCAL UNION 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 08-CIV-4564 (DLC) |

### RESPONSE OF LOCAL 1, INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS, TO REQUEST OF LOCAL 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS TO DISMISS THE COMPLAINT

Defendant Local 3, International Brotherhood of Electrical Workers, has submitted to this Court a copy of the National Labor Relations Board's Decision and Determination of Dispute dated August 15, 2008. Local 3 requests this Court to dismiss the Complaint in the above-referenced matter based upon *Carey v. Westinghouse*, 375 U.S., 261 (1964). Local 1 opposes such request.

*Carey v. Westinghouse*, supra, upheld the right of a union to proceed to arbitration under a collective bargaining agreement over a dispute as to which employees should

perform certain work. It established the federal policy of favoring and encouraging the arbitration of such controversies. Mr. Justice Douglas, in this case, stated that a so called jurisdictional dispute can be of two kinds:

(1) A controversy over whether certain work should be performed by employees in a particular bargaining unit or another bargaining unit, or

(2) A controversy over which union should represent employees performing the work in dispute a representational dispute.

If the instant case is considered as the former, Mr. Justice Douglas pointed out that the National Labor Relations Act does not "deal with the controversy anterior to a strike." 375 U.S. at pages 263. He thus concluded:

> "Since §10(k) not only tolerates but actively encourages voluntary settlements of work assignment controversies between unions, we conclude that grievance procedures pursued to arbitration further the policies of the Act." 375 U.S. at page 266.

In the instant case <u>after</u> this litigation was instituted, Local 3 and its members threatened to strike their employer if the Arbitrator's Award was observed. Obviously, such threats to strike were undertaken only to create a basis for the filing of unfair labor practice charges in an effort to frustrate the arbitration process by which Locals 1 and 3 are bound.

In <u>Carey</u>, the Supreme Court held that arbitration was certainly an acceptable method of resolving such jurisdictional disputes. Here Local 3 deliberately sought to sabotage the arbitration process and to avoid its obligations to comply with the Arbitrator's Award.

Local 1 respectfully submits that this Court should not tolerate that kind of conduct and that deliberate disregard of a procedure intended to resolve disputes between unions by which both Locals 1 and 3 are bound. The elaborate procedure created by the Building Trades Employers' Association and the Building and Construction Trades Council of Greater New York is made meaningless by Local 3's actions.

Therefore, Local 1, International Union of Elevator Constructors respectfully submits that this Court should issue the injunction which the Building Trades Employers' Association and Local 1 have requested.

Respectfully submitted,

MARKOWITZ & RICHMAN

_____
RICHARD H. MARKOWITZ, ESQUIRE
(RHM-5158)
1100 North American Building
121 South Broad Street
Philadelphia, PA 19107
(215) 875-3111
(215) 790-0668 (Fax)
Attorney for Local 1, International
Union of Elevator Constructors

Dated: August 25, 2008